IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROSELY ALTAGRACIA STOKES,

    Plaintiff,

v.

    Civil Action No. 13-1479-RGA

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

## MEMORANDUM ORDER

At Wilmington this 3 day of November, 2015, having reviewed Plaintiff's motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and the papers filed in connection therewith,

IT IS ORDERED that Plaintiff's motion for attorneys' fees (D.I. 26) is DENIED for the following reasons:

## BACKGROUND

Plaintiff, Rosely Altagracia Stokes, filed her applications for DIB on November 9, 2009, and SSI on November 27, 2009.[1] (D.I. 10 & 11 (hereafter "Tr.")). The Administrative Law Judge (the "ALJ") denied Plaintiff's application on October 9, 2011. (Tr. at 18-29, 398-439). The Appeals Council subsequently declined to review the ALJ's decision. (Tr. at 1-4). Thus, the ALJ's denial of benefits became the final decision of the Acting Commissioner of Social Security, Carolyn W. Colvin (the "Commissioner"). *Id.* Plaintiff then filed suit requesting this Court to review the Commissioner's decision. (D.I. 1). The parties' cross-motions for summary

---

[1] Eligibility for SSI is a derivative of qualification for DIB. For ease of reference, the Court will refer only to DIB.

judgment (D.I. 13, 16) were referred to the United States Magistrate Judge, who issued a Report and Recommendation (D.I. 19) recommending that the Court affirm the ALJ's denial of benefits. Upon *de novo* review, this Court held that the ALJ improperly discredited a treating physician's opinion, granted summary judgment in favor of Plaintiff, and remanded the case for further proceedings. (D.I. 24).

## LEGAL STANDARD

Presently pending before this Court is Plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). The EAJA allows a prevailing party to obtain attorneys' fees in a lawsuit against the United States. *Id.* Yet, the EAJA is not a "loser pays statute," and a prevailing party will not be awarded attorneys' fees if the government's position was "substantially justified" in the underlying litigation. *Morgan v. Perry*, 142 F.3d 670, 685 (3d Cir. 1998). The "court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." *Id.*

The Supreme Court has defined substantially justified as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Third Circuit has clarified that substantial justification requires "a reasonable basis in both law and fact." *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993) (citing *Pierce*, 487 U.S. at 565). In other words, the requirement that the government's position be substantially justified is "a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous." *Tressler v. Heckler*, 748 F.2d 146, 149 (3d Cir. 1984) (citing *Dougherty v. Lehman*, 711 F.2d 555, 563 (3d Cir. 1983)). In determining the reasonableness of the government's position, a court must look to both the

2

government's "prelitigation agency position and its litigation position." *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009).

Accordingly, in an action for attorneys' fees under the EAJA, the government has the burden of proving that its position in the underlying litigation was substantially justified. *Morgan*, 142 F.3d at 684. To demonstrate substantial justification, the government must offer: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.*

## DISCUSSION

Familiarity with this Court's previous opinion is presumed. (D.I. 23). Plaintiff now moves that she is entitled to an award of attorneys' fees because the ALJ failed to follow the treating physician rule and improperly discredited the treating physician's opinion.[2] (D.I. 27). While this Court disagreed with the ALJ's stance, "a position can be justified even though it is not correct, and . . . can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it ha[d] a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2.

Although this Court found the ALJ's determination to deny the treating physician's opinion controlling weight to be improper, the ALJ's decision was reasonably based in both law and fact. The ALJ applied the correct law, but multiple reasons provided by the ALJ were insufficient to support his conclusion. In other words, the law requires a "basis of contradictory medical evidence" to discredit a treating physician's opinion, and the ALJ opined that contradictory evidence existed in the record. *Morales v. Apfel*, 225 F.3d 310, 318 (3d Cir. 2000)

---

[2] The parties do not dispute that Plaintiff is the prevailing party.

3

(citing *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999)) (noting that an ALJ may reject "a treating physician's opinion outright only on the basis of contradictory medical evidence" and not due to his or her own credibility judgments, speculation, or lay opinion).

As required by Third Circuit precedent, the ALJ provided facts and reasons that he thought were sufficient to discredit the treating physician's opinion.[3] Specifically, the ALJ found the treating physician's notes and medical record as a whole to be inconsistent with the treating physician's "marked limitation" conclusion. (D.I. 17 at 12). While this Court held that multiple reasons behind the ALJ's finding of conflicting medical evidence were improper, the ALJ recognized the relevant law and explained the facts he thought were reasonably sufficient to discredit the treating physician's opinion.

The Magistrate Judge concluded that the "ALJ's findings [were] based on the medical record as a whole[,]" and that "based on the treatment relationship, a lack of support from relevant medical evidence, [and] inconsistencies with the medical record as a whole[,]" the ALJ's discrediting of the treating physician's opinion "was appropriate and supported by substantial evidence." (D.I. 19). While agreement from other courts is not determinative as to whether the government's position was substantially justified, a prior opinion is a strong "objective indicia" for this Court to consider. *Pierce*, 487 U.S. at 568 (emphasizing that other court decisions are relevant to a substantial justification determination).

If an ALJ finds the treating physician's opinion is not entitled to "controlling weight," the ALJ must then evaluate the weight to give to the opinion according to specific factors. *See* 20 C.F.R. § 404.1527(c)(1)-(6); *Gonzales v. Astrue*, 537 F. Supp. 2d 644, 660 (D. Del 2008) ("Even

---

[3] The ALJ did not discredit all of the treating physician's opinions. In fact, the ALJ took a significant number of the treating physician's findings that the ALJ reasonably believed did not conflict with the medical record as a whole into account to determine Plaintiff's residual functional capacity assessment. (D.I. 17 at 14-15).

4

where there is contradictory medical evidence, . . . and an ALJ decides not to give a treating physician's opinion controlling weight, the ALJ must still carefully evaluate how much weight to give the treating physician's opinion."). Here, the ALJ analyzed the record and provided facts and reasoning behind his decision to give the treating physician's opinion only "some weight." (Tr. at 27). Despite the fact that this Court found the inferences the ALJ drew to be improper in discrediting the treating physician's opinion, the ALJ otherwise appropriately evaluated the weight given to the treating physician's opinion through consideration of the factual record as applied to the requisite legal factors. (D.I. 23 at 14).

This Court's previous opinion further emphasizes that the ALJ reasonably connected the facts advanced to the applicable legal requirements. Specifically, this Court noted that, given the ALJ's explicit and implicit consideration of the factors discussed above, "if the ALJ's determination that Dr. Dupree's opinion was not entitled to controlling weight is, contrary to [this Court's] opinion, correct, then the ALJ's conclusion as to the weight to be given it would be supported by substantial evidence."[4] *Id.* The ALJ is not foreclosed from reaching the same opinion on remand that the treating physician's opinion is not entitled to controlling weight, and if he does, the Court has already indicated that his conclusion relating to "some weight" would be supported by the requisite evidence.

Plaintiff contends that she is entitled to an award of attorneys' fees "given the multiple errors identified by this Court," focusing on the claim that the ALJ improperly discredited the treating physician's opinion.[5] (D.I. 27 at 4). Yet, the Third Circuit has declared that "a party's

---

[4] The standard for substantial evidence is enough that "if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951)). "[S]o long as an agency's factfinding is supported by substantial evidence, reviewing courts lack power to reverse[.]" *Monsour Med. Ctr.*, 806 F.2d at 1191.

[5] Indeed, this Court only reached one of three issues raised by Plaintiff in the underlying litigation, namely, that the ALJ failed to follow the treating physician rule. (D.I. 23 at 15). This Court declined to address Plaintiff's other two

5

success [or loss] on a single claim will rarely be dispositive of whether the government's overall position was substantially justified." *Williams*, 600 F.3d at 302 (quoting *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009)). Thus, the Commissioner asserts that the ALJ's overall position was reasonable and supported by substantial evidence despite the ALJ only granting the treating physician's opinion "some weight." (D.I. 28 at 4) ("Although the ALJ may not have given appropriate deference to [the treating physician's] opinion under the treating physician rule, even if he had given controlling weight to [the treating physician's opinion], . . . substantial evidence would still support a finding of non-disability.").

The Third Circuit has held that the government's position can be substantially justified if the ALJ's "error is inconsequential[,]" and "the ALJ had the ability to reach the same conclusion on remand based on other evidence in the record." *Williams*, 600 F.3d at 302. On remand, it is possible that the ALJ may still make a finding of non-disability. The ALJ may conclude again that the treating physician's opinion is not entitled to controlling weight for either different reasons based on other findings in the record or one of the same reasons offered previously after the record has been further developed upon remand.[6] Alternatively, the ALJ may decide the treating physician's opinion is entitled to controlling weight, but construe the vocational expert testimony in a way that also fails to find Plaintiff disabled.[7] A reasonable person could view the

---

objections: that the ALJ failed to properly evaluate Plaintiff's credibility and the ALJ relied on flawed vocational expert testimony. *Id.* Instead, finding that the case warranted reconsideration given the ALJ's improper discrediting of the treating physician's opinion, this Court stated that "the ALJ will need to assess anew Stokes' credibility and the VE testimony based on a record as it exists at the time." *Id.*

[6] This Court noted in its previous opinion that one of the reasons the ALJ discredited the treating physician's "marked limitation" conclusion, a gap in Plaintiff's treatment, was speculative and unsupported because the ALJ did not determine whether Plaintiff had an acceptable reason or consider alternative explanations. (D.I. 23 at 13). However, on remand, it is possible that the record with respect to this point would be developed and clarified in a manner that justifies discrediting the treating physician's opinion.

[7] The treating physician noted that Plaintiff was capable of low stress work and would only be likely to miss work about once a month due to her impairments. (Tr. 823-24). The treating physician also noted on the form that Plaintiff was "markedly limited" in the areas of maintaining concentration for extended periods, working in coordination with others without being distracted, and getting along with peers without distracting them. (Tr. 820-21). The ALJ presented Plaintiff to the vocational expert as limited to jobs involving low-stress, low-concentration,

6

ALJ's decision to deny benefits as supported by the record as a whole and reasonably based in both law and fact.

Significantly, the Magistrate Judge recommended that this Court find there was substantial justification to support the ALJ's non-disability decision. Under the totality of the circumstances, including the Magistrate Judge's opinion and the evidence discussed above, the ALJ's position and the Commissioner's defense of it are substantially justified.

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion for attorneys' fees under the Equal Access to Justice Act (D.I. 26) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

low-memory, only one to two step tasks, little to no interaction with the public or other workers, and "[essential] isolat[ion] with occasional supervision." (Tr. 430-31). The vocational expert testified that Plaintiff was capable of numerous jobs in the national economy. (Tr. 432-33). Additionally, the vocational expert testified that Plaintiff would have to miss work three or more times per month, have decreased productivity by 5-20% or more due to distractions, or be unable to interact with a single person to be considered precluded from work. (Tr. 436-37).

7